UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRICK R. VARNADO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0769 AS |
| | ) | |
| EDDIE BUSS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about December 2, 2005, *pro se* petitioner, Patrick R. Varnado, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana. The Response filed on behalf of the respondent by the Attorney General of Indiana on June 5, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on November 17, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. Once again this court must deal with a prison disciplinary proceeding involving a urine sample. This petitioner failed to provide one and was sanctioned for a deprivation of earned credit time of 90 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The proceeding was entitled cause umber ISP 05-03-0070. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under

*Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The principal issue appears to be a question about the impartiality of the CAB, looking to *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984) for guidance. It seems that this CAB went at its task rather carefully and deliberately. It certainly complied with the procedural demands enunciated by the Supreme Court in *Wolff*.

Basically under *Estelle v. McGuire*, 502 U.S. 62 (1991), the ADP regulations are a species of state law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not here bottom any decision on harmless error. This court certainly understands *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993) with regard to the calling of witnesses. It is the obligation of this pro se prisoner to raise issues appropriately in the administrative proceedings in order to preserve them and argue them here. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). There is no right in this species of proceeding to either cross examine or confront witnesses. Neither is there an absolute burden to present physical evidence at the hearing before the CAB. *Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997). This petitioner was screened and given an opportunity to request witnesses. He

requested three witnesses and written witness statements were obtained from each. This petitioner was not deprived of due process under the Fourteenth Amendment of the Constitution of the United States as refined in *Wolff*.

With all deference, this court does not conceive here that this petitioner has preserved any relevant issues under *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976), both of which deal with criminal proceedings in which the defendants had a right to a trial by jury under Article III of the Constitution of the United States and its Sixth Amendment. No such right exists in the proceedings described in *Wolff*.

The petition for relief under 28 U.S.C. §2254 is **DENIED**.  **IT IS SO ORDERED.**

**DATED:**  November 21, 2006

                                         **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**